J-S15028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENRY F. WORTHINGTON JR. | : | |
| | : | |
| Appellant | : | No. 504 EDA 2021 |

Appeal from the Order Entered January 27, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001981-2013

BEFORE:  NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:              **FILED NOVEMBER 22, 2022**

Henry F. Worthington, Jr. ("Worthington"), appeals *pro se* from the order denying, in part, his petition for relief under the Post Conviction Relief Act ("PCRA")[1] and determining that he is required to register under Subchapter I ("Subchapter I") of the current version of the Sexual Offender Registration and Notification Act ("SORNA").[2]  We affirm.

We summarize the relevant procedural history from the record.  In 1995, Worthington was convicted of involuntary deviate sexual intercourse ("IDSI") and related offenses for his sexual assault of a minor victim in 1992.[3]

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.  As discussed below, the PCRA court granted relief in part and reversed Worthington's conviction for failing to register in the above-captioned case.

[2] **See** 42 Pa.C.S.A. §§ 9799.51-9799.75.

[3] Worthington's IDSI conviction was docketed in Bucks County at CP-09-0002701-1994.

The trial court sentenced him to serve, *inter alia*, five to ten years of imprisonment for IDSI.

In 1996, while Worthington was serving his sentence, Pennsylvania's first sexual offender registration law, codified at Subchapter H of Title 42, took effect and designated IDSI as a ten-year registration offense. **See** 42 Pa.C.S.A. § 9793 (expired) ("Megan's Law I"). In 2000, our legislature passed an amended version of the law ("Megan's Law II"), under which it designated IDSI as a lifetime registration offense. **See id**. § 9795.1(b)(2) (expired). Our legislature passed further amendments to the sexual offender registration law in Act 152 of 2004 ("Act 152" or "Megan's Law III"), but maintained the designation of IDSI as a lifetime registration offense. **See id**. § 9795.1(b)(2) (expired).

Worthington was released from prison in 2011, when Act 152 was in effect, and he signed a form acknowledging his lifetime registration requirements for IDSI. Worthington subsequently failed to register in 2012 and was convicted of failing to register in 2013. Worthington thereafter engaged in lengthy appeals of his failure to register conviction, and that conviction became final in 2018. **See Commonwealth v. Worthington**, 185 A.3d 1089, 2018 WL 718338, at *1 (Pa. Super.) (unpublished memorandum), *appeal denied*, 190 A.3d 594 (Pa. 2018).

Meanwhile, in December 2012, the first version of SORNA ("SORNA I") took effect. **See** 42 Pa.C.S.A. §§ 9799.10-9799.41 (subsequently amended). In 2013, our Supreme Court held that Act 152 was unconstitutional because

the act violated the single subject rule of article III, section 3 of the Pennsylvania Constitution. **See Commonwealth v. Neiman**, 84 A.3d 603, 613 (Pa. 2013).[4] In 2017, our Supreme Court then held that SORNA I was unconstitutional because SORNA I's registration, notification, and counseling provisions were punitive and violated *ex post facto* principles. **See Commonwealth v. Muniz**, 164 A.3d 1189, 1193 (Pa. 2017) (plurality). In response to **Muniz**, our legislature amended SORNA I in 2018. **See** 42 Pa.C.S.A. §§ 9799.10-9799.75 ("SORNA II"). SORNA II, which is currently in effect, revised Subchapter H, which applies to offenders who commit sexual offenses on or after December 20, 2012, **see id**. §§ 9799.10-9799.42, and created Subchapter I to apply to offenders who committed sexual offenses on or after April 22, 1996, but before December 20, 2012, or who were previously required to register and whose registration period had not expired. **See id**. § 9799.52(1)-(2).

In 2019, Worthington filed the instant PCRA petition timely challenging his failure to register conviction, arguing, in relevant part, that he had not been subject to any valid registration requirements at the time of that offense. He further asserted that he could not be required to register as a sexual offender under SORNA II, Subchapter I because he committed his offenses

---

[4] The **Neiman** Court recognized that Act 152 had expired and that SORNA I was in effect at the time of its decision. The Court therefore stayed its decision for ninety days, during which our legislature amended SORNA I to address the **Neiman** decision. **See Commonwealth v. Derhammer**, 173 A.3d 723, 726 (Pa. 2017).

before April 22, 1996. The PCRA court appointed counsel for Worthington.[5]

Following conferences on Worthington's claims, the PCRA court reversed

Worthington's failure to register conviction but concluded that he was required

to register for life under SORNA II, Subchapter I. **See** Order, 1/27/21, at 6-

7. Worthington timely appealed *pro se*, and both he and the PCRA court

complied with Pa.R.A.P. 1925.[6]

Worthington raises the following issue for appeal:

Is [Worthington] required to register, and register for lifetime, pursuant to the current[ly] enacted, or any other previously enacted Pennsylvania Megan's Law Statute, or current[ly] enacted, or previously enacted Pennsylvania Sexual Offender Registration and Notification Act ("SORNA")[?]

Worthington's Brief at 6 (unnumbered) (some capitalization omitted).

Our review of an order denying PCRA relief is limited to determining

whether the PCRA court's findings of fact are supported by the record and

whether its conclusions of law are free from legal error. **See Commonwealth**

**v. Parker**, 249 A.3d 590, 594 (Pa. Super. 2021). Our standard of review of

---

[5] While a decision on Worthington's petition was pending, our Supreme Court held that the registration requirements of SORNA II, Subchapter I are **not** punitive and that their retroactive application does not violate the prohibition against *ex post facto* punishments. **See Commonwealth v. Lacombe**, 234 A.3d 602, 626-27 (Pa. 2020).

[6] Pursuant to this Court's June 7, 2021, order, the PCRA court conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and determined that Worthington knowingly, intelligently, and voluntarily elected to proceed *pro se*.

questions of law is *de novo*, and our scope of our review is plenary.[7]  **See**

**Commonwealth v. Farabaugh**, 128 A.3d 1191, 1193 (Pa. 2015).

The sole issue presently before this Court in this appeal is whether Subchapter I of SORNA II requires Worthington to register for life as a sex offender.  Worthington claims that the PCRA court erred in requiring him to register under SORNA II, Subchapter I.  He emphasizes that he committed, and was convicted of, IDSI before April 22, 1996.  He acknowledges that he was required to register under Act 152 following his release from prison in 2011; however, he contends that he was not subject to a **valid** sexual offender registration law because **Neiman** subsequently held Act 152 unconstitutional.

The PCRA court reasoned that SORNA II, Subchapter I required Worthington to register for life because he was previously required to register and his registration period had not expired.  **See** Order, 1/27/21, at 6-7.  The

_____

[7] We note that our Supreme Court has held that there is no exclusive procedural mechanism for challenging sexual offender registration requirements.  **See Lacombe**, 234 A.3d at 618.  We discuss the underlying order as a PCRA order because the form of Worthington's petition does not affect our standard of review or our resolution of the issue raised in this appeal.  **But see Commonwealth v. Smith**, 240 A.3d 654, 658 (Pa. Super. 2020) (concluding that a PCRA court erred in dismissing a PCRA petition challenging SORNA II, Subchapter I registration requirements as untimely; but indicating that because SORNA II, Subchapter I is not punitive and pertains to collateral consequences of an offender's sentence, challenges to the registration requirements do not fall within the purview of the PCRA).  We add that Worthington's challenge to his registration requirements more properly lies from the case at 2701 of 1994.  However, given the lack of a clear procedural mechanism to challenge registration requirements, we will address the issue in this appeal in the interests of judicial economy.

PCRA court noted that SORNA II, Subchapter I is not punitive and may apply retroactively without offending *ex post facto* principles. ***See id***. at 7.

We begin with a review of SORNA II, Subchapter I. "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly," and "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." ***Farabaugh***, 128 A.3d at 1193 (quoting 1 Pa.C.S.A. § 1921(a)-(b)). Statutory construction presents a pure question of law, and our review is *de novo* and plenary. ***See id***.

> SORNA II, Subchapter I states, in relevant part:
>
> The following individuals shall register with the Pennsylvania State Police as provided in this subchapter:
>
> (1) An individual who committed a sexually violent offense within this Commonwealth and whose period of registration with the Pennsylvania State Police, as specified in section 9799.55 (relating to registration), as of February 21, 2018, has not expired. . . .

42 Pa.C.S.A. § 9799.54(a)(1). Although section 9799.54(a)(1) does not refer to the date of the offense, the statute elsewhere provides that SORNA II, Subchapter I applies to individuals who were:

> (1) convicted of a sexually violent offense **committed on or after April 22, 1996, but before December 20, 2012**, whose period of registration with the Pennsylvania State Police, as described in section 9799.55 (relating to registration), has not expired; **or**
>
> (2) **required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012**, whose period of registration has not expired.

*See id*. § 9799.52(1)-(2) (emphases added). Similar language appears in at least two other sections of the statute. *See id*. §§ 9799.53 (defining sexually violent offenses), 9799.55(b)(2)(i)(A)-(B) (providing that IDSI is a lifetime registration offense based on the date of the offense or whether the individual had been subject to previous registration requirements that had not expired).

We conclude that the provisions governing the applicability of SORNA II, Subchapter I are clear and free from all ambiguity. The legislature established two bases to require an individual to register for sexually violent offenses under SORNA II, Subchapter I. The first is based on the date of the offense. *See id*. § 9799.52(1). The second considers whether an individual was previously required to register and whether that registration period was still in effect as of February 21, 2018. *See id*. §§ 9799.52(2), 9799.54(a)(1). The use of the term "or" between these alternatives evinces the legislature's intent that each alternative is an independent basis to require registration.[8]

_____

[8] We acknowledge that our courts, including our Supreme Court, have often stated that SORNA II, Subchapter I applies based on the date of offense or the date of a conviction, without referring to an alternative basis for its application. *See Commonwealth v. Torsilieri*, 232 A.3d 567, 580 (Pa. 2020) (stating that "Subchapter I applies to crimes committed after April 22, 1996, but before December 20, 2012"); *Commonwealth v. Lippincott*, 273 A.3d 1157, 1163 (Pa. Super. 2022) (*en banc*) (same); *see also Lacombe*, 234 A.3d at 615 (stating that "Subchapter I applies to those convicted of a sexually violent offense after April 22, 1996, but before December 20, 2012"). However, none of those decisions required an analysis of section 9799.52(2)'s alternative trigger for applying SORNA II, Subchapter I. We add that our Supreme Court, citing *Lacombe* in a *per curiam* order, reversed a Commonwealth Court decision that had held the application of SORNA II, Subchapter I to an individual who committed, and was convicted of, a sexually
*(Footnote Continued Next Page)*

*See In re Paulmier*, 937 A.2d 364, 373 (Pa. 2007) (noting that the word "or" is disjunctive and means "one or the other of two or more alternatives"); *Commonwealth v. Pilchesky*, 151 A.3d 1094, 1098 (Pa. Super. 2016) (noting that a court is "bound to give 'or' its normal disjunctive meaning unless its ordinary meaning would 'produce a result that is absurd or impossible of execution or highly unreasonable. . . .'") (internal citation omitted).

Giving effect to the plain meaning of all relevant terms and provisions of the statute, we discern no error in the PCRA court's interpretation and application of SORNA II, Subchapter I. Because Worthington committed his sexual offenses before April 22, 1996, he was not required to register under section 9799.52(1). *See* 42 Pa.C.S.A. § 9799.52(1); *see also id*. §§ 9799.53, 9799.55(b)(2)(i)(A). However, Worthington fell squarely within the alternative basis triggering registration requirements under section 9799.52(2). *See* 42 Pa.C.S.A. § 9799.52(2); *see also id*. §§ 9799.53, 9799.55(b)(2)(i)(B). Worthington committed IDSI, a sexually violent offense, within the Commonwealth. He was also required to register for life on or after April 22, 1996, but before December 20, 2012, pursuant to Megan's Law II and then Act 152. His previous period of registration had not expired by February 21, 2018. Thus, Worthington met all of section 9799.52(2)'s criteria

---

violent offense before April 22, 1996, was punitive. *See T.S. v. Pennsylvania State Police*, 231 A.3d 103 (Pa. Cmwlth. 2020) (*en banc*), *rev'd*, 241 A.3d 1091 (Pa. 2020) (*per curiam*).

for an individual within the scope of SORNA II, Subchapter I.[9]  *See* 42 Pa.C.S.A. § § 9799.52(2); *see also id*. §§ 9799.53, 9799.55(b)(2)(i)(B).

Further, while Worthington's lifetime registration period commenced under Act 152 upon his release from prison in 2011 and *Neiman* later held Act 152 unconstitutional, those facts are of no moment.  SORNA II, Subchapter I, section 9799.75 states, in relevant part:

> **(a) Registration.—**Nothing in this subchapter shall be construed to relieve an individual from the obligation to register with the Pennsylvania State Police under this subchapter if the individual:
>
> (1) committed a sexually violent offense within this Commonwealth . . .  and
>
> (2) was required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth that was enacted before December 20, 2012, **or would have been required to register with the Pennsylvania State Police under [Act 152] . . . but for the decision by the Pennsylvania Supreme Court in *Commonwealth v. Neiman*,** 84 A.3d 603 (Pa. 2013).

---

[9] Our interpretation is consistent with recent decisions from the Commonwealth Court holding that SORNA II, Subchapter I applies to individuals who committed sexually violent offenses before April 22, 1996. *See Cao v. Pennsylvania State Police*, 280 A.3d 1107, 1109, 1112 (Pa. Cmwlth. 2022) (rejecting a claim by an individual, who committed aggravated indecent assault before April 22, 1996, that the application of SORNA II, Subchapter I would violate *ex post facto* principles); *C.M. v. Pennsylvania State Police*, 269 A.3d 1280, 1285 (Pa. Cmwlth. 2022) (*en banc*) (rejecting a claim by an individual, who committed, and was convicted of, rape before April 22, 1996, that SORNA II, Subchapter I did not apply because he was not required to register until his release from prison in 2020); *see also Commonwealth v. Hunt*, 220 A.3d 582, 591 n.6 (Pa. Super. 2019) (noting that decisions of the Commonwealth Court are not binding on this Court, but our colleagues on the Commonwealth Court may provide guidance where appropriate).

*See id*. § 9799.75(a)(1)-(2) (emphasis added). Section 9799.75(a)(2) specifically requires that we construe the phrase "required to register" without regard to the **Neiman** decision, and Worthington's argument that SORNA II, Subchapter I did not apply because **Neiman** invalidated his previous registration requirements merits no relief.[10]

It bears emphasizing that in **Lacombe**, our Supreme Court upheld the constitutionality of SORNA II, Subchapter I when retroactively applied. The **Lacombe** Court concluded that SORNA II, Subchapter I contained "significant changes from [SORNA I]," which weighed in favor of finding SORNA II, Subchapter I nonpunitive, and, therefore, did not violate the prohibitions against *ex post facto* laws. **See Lacombe**, 234 A.3d at 626-27. Worthington does not argue, nor do we discern, any absurd or highly unreasonable result when construing section 9799.52(2) to apply the nonpunitive registration requirements of SORNA II, Subsection I to individuals who committed sexually violent offense before April 22, 1996, but were subject to registration requirements that had not expired. **See** 42 Pa.C.S.A. §§ 9799.52(2).

---

[10] We note that Worthington advances arguments similar to those rejected by the Commonwealth Court in **C.M.**, which provides a complete and thorough discussion of SORNA II, Subchapter I. However, based on the facts of the present appeal and the clear statutory guidance provided in SORNA II, Subchapter I, we need not conclusively adopt the Commonwealth Court's rationale that the phrase "required to register" is satisfied when a previous sexual offender registration law first imposed an obligation to register. **See C.M.**, 269 A.3d at 1284-86.

For these reasons, we conclude that Worthington was required to register under SORNA II, Subchapter I, and we affirm the PCRA court's determination.

Order affirmed.

Judge Nichols joins in the majority decision.

Judge Murray concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2022