J-A02037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
   :
   v.   :
   :
   :
ALLEN DONALD BORN   :
   :
   Appellant   :   No. 30 WDA 2022

Appeal from the Judgment of Sentence Entered December 1, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0005815-2020

BEFORE:  BOWES, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:        **FILED: August 25, 2023**

Allen Donald Born (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of failure to comply with sex offender registration requirements.[1]  We affirm.

The trial court summarized the relevant procedural history as follows:

[Appellant] pled guilty on September 10, 2011[,] to one count of indecent assault of a person less than 13 years of age (18 Pa.C.S. § 3126(a)(7)).  [The trial court sentenced Appellant to five years of probation.]  At that time, [Appellant] was ordered to register as a sex offender for a period of ten (10) years.[2]  In 2012, when

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4915.2(a)(1).

[2] Beginning in 1995, the General Assembly enacted a series of statutes requiring convicted sex offenders living in the Commonwealth to register with the State Police upon release from prison.  At the time of Appellant's offense

*(Footnote Continued Next Page)*

[the Sex Offender Registration and Notification Act (SORNA I)[3]] was enacted, [Appellant's] registration status changed from a ten (10) year registration period to a lifetime registration period. In 2017, the Pennsylvania Supreme Court issued its [plurality] opinion in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). The *Muniz* Court held that retroactive application of SORNA [I] constitutes an *ex post facto* violation of the Pennsylvania Constitution. *Muniz*, 164 A.3d at 1223.

Trial Court Opinion, 3/1/22, at 4 (footnotes added).

After the *Muniz* decision, Appellant filed a Post Conviction Relief Act (PCRA)[4] petition requesting relief from his registration requirement. On November 28, 2017, the PCRA court granted partial relief, stating:

[Appellant] is not required to register under SORNA [I] as a sex offender, because under *Commonwealth v. Muniz*, … it would be an *ex post facto* violation of the Constitution of Pennsylvania. However, [Appellant's] reporting requirements under Megan's Law II remain in effect. By virtue of his Indecent Assault Person Less than 13 Years of Age—M1 (18 Pa.C.S.A. § 3125(A)(7)) conviction, [Appellant] is required to register under Megan's Law II for a period of ten years.

PCRA Court Order, 11/28/17. **Appellant did not appeal**.

Thereafter, in response to *Muniz*, the General Assembly

returned to the drawing board and redrafted SORNA into two subchapters: Subchapter H and Subchapter I. Subchapter H governs those whose offenses occurred after December 20, 2012. Subchapter I applies to those whose offenses were completed prior to that date.

---

and sentence, he was subject to the ten-year reporting requirement set forth in 42 Pa.C.S.A. § § 9791-9799.9 (Megan's Law II).

[3] 42 Pa.C.S.A. §§ 9799.10-9799.41 (2012).

[4] 42 Pa.C.S.A. §§ 9541-9546.

***Commonwealth v. Santana***, 266 A.3d 528, 530 n.7 (Pa. 2021).

On August 12, 2020, nearly three years after the PCRA court granted

Appellant partial relief, the Commonwealth charged him with one count of

failure to register. The trial court explained:

> City of Pittsburgh Detective Michael Nowe [(Detective Nowe)] was conducting a proactive compliance check on Megan's Law offenders in the 15234[-]zip code on August 12, 2020. On that date, he was investigating the compliance status of [Appellant]. Detective Nowe testified that [Appellant] has had to register since 2011 and was a 10[-]year registrant. Detective Nowe testified that [Appellant's] last known registered address was 44 Briggs Street, Pittsburgh, PA 15234 [(the Briggs Street residence)]. On August 12, 2020, Detective Nowe went to [the Briggs Street residence] and "made contact with the current occupant," Donna Terlecki [(Terlecki)]. [Appellant] was not at that address.
>
> [] Terlecki testified that she began to live at [the Briggs Street residence] on July 1, 2019. She further testified that she knows [Appellant], but he has never lived with her at [the Briggs Street residence,] and he moved out the day she moved into that residence.
>
> [Appellant] testified that he is required to register under the sex offender registry and had most recently registered on September 19, 2020. [Appellant] testified that he was forced out of [the Briggs Street residence] and moved into a homeless shelter. He continued to use [the Briggs Street residence] as his mailing address. [Appellant] testified that he did not register at the homeless shelter because it was across the street from a school and the shelter did not want problems.

Trial Court Opinion, 3/1/22, at 2-3 (record citations omitted).

Following a bench trial on September 10, 2021, the trial court convicted

Appellant of failure to register. On December 1, 2021, with the benefit of a

presentence investigation report, the trial court sentenced Appellant to one

year of probation. Appellant filed this timely appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for review:

Where [Appellant's] PCRA … was granted on November 28, 2017[,] and purported to impose registration conditions pursuant to the long-repealed Megan's Law II, was the effect of that order to remove [Appellant] from the registry? Put another way, should the trial court have granted [Appellant's] Motion to Dismiss because his period of registration expired when the PCRA court ruled that SORNA [I] did not apply to him?

Appellant's Brief at 4.

Appellant raises a question of law. Therefore, our scope of review is plenary and we review the trial court's determinations *de novo*. **Commonwealth v. Lacombe**, 234 A.3d 602, 608 (Pa. 2020).

Appellant argues the PCRA court's 2017 order "had the legal effect of terminating his registration requirement, requiring dismissal of the instant case." Appellant's Brief at 10. Appellant acknowledges the PCRA court required his continued registration under Megan's Law II. **Id.** However, Appellant claims he "could legally never have been subjected to the requirements of Megan's Law II" or its successors. **Id.** Appellant asserts the effect of the PCRA court's order invalidating his SORNA I registration requirement "was to hold that [Appellant's] registration requirements expired." **Id.**

Appellant relies on our Supreme Court's decision in **Commonwealth v. Derhammer**, 173 A.3d 723 (Pa. 2017), concluding that the trial court and

- 4 -

this Court "cannot revive Megan's Law II to fill the gap the General Assembly created in unconstitutionally applying SORNA [I] *ex post facto*." Appellant's Brief at 25. According to Appellant, the enactment of SORNA I repudiated the prior versions of Megan's Law. *Id.* Appellant asserts: "SORNA's unconstitutionality [] applied retroactively did not revive Megan's Law II." *Id.* at 26. Therefore, Appellant argues, "there was no text appearing in any valid aspect of the Crimes Code which made [Appellant's] conduct an offense." *Id.* (quoting *Derhammer*, 173 A.3d at 729).

Appellant further asserts:

Because [the PCRA court's] order effectively removed his registration requirements, [he] cannot now be compelled to register under Subchapter I, because his "period of registration" had expired via both [the PCRA court's] ruling and the Supreme Court's holding in [*Commonwealth v. Nieman*, 84 A.3d 603 (Pa. 2013)], and *Muniz*, *supra*.

*Id.* at 28-29. Appellant's reliance on *Derhammer* and *Nieman* is misplaced.

In *Neiman*, the Pennsylvania Supreme Court held that Megan's Law III was unconstitutional in its entirety because it was included in a bill that violated the single subject rule. *Nieman*, 84 A.3d 606. Recognizing the possible impact of its decision, the Supreme Court **stayed** its effect for 90 days to allow the Legislature "to consider appropriate remedial measures." *Neiman*, 84 A.3d at 616. In response, the General Assembly modified Section 9799.13(3) to clarify that persons who were required to register any time before SORNA I's effective date, and whose registration

period had not expired, were still required to register. *See* 42 Pa.C.S.A. § 9799.13(3) (effective 2014).

In ***Derhammer***, the Supreme Court held the defendant could not be prosecuted for violating Megan's Law III because **at the time he was charged with failing to register**, Megan's Law III had been voided as unconstitutional. ***Derhammer***, 173 A.3d at 729-30.

Instantly, Appellant was charged with failing to comply with Subchapter I's 10-year registration requirement in violation of Crimes Code Section 4915.2(a)(1). 18 Pa.C.S.A. § 4915.2(a)(1); ***see also*** 42 Pa.C.S.A. § 9799. At the time Appellant failed to register, Subchapter I imposed a ten-year registration requirement on

> **(A)** Individuals convicted within this Commonwealth of any of the following offenses committed on or after April 22, 1996, but before December 20, 2012:
>
> ….
>
> 18 Pa.C.S. § 3126 (relating to indecent assault) where the offense is graded as a misdemeanor of the first degree or higher.
>
> ….
>
> **(B)** Individuals convicted within this Commonwealth of an offense set forth in clause (A) who were required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired.

42 Pa.C.S.A. § 9799.55(a)(1)(i)(A), (B).

Subchapter I expressly states:

This subchapter shall apply to individuals who were:

**(1)** convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012, whose period of registration with the Pennsylvania State Police, as described in section 9799.55 (relating to registration), has not expired; or

**(2)** required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired.

42 Pa.C.S.A. § 9799.52.[5]

Unlike **Derhammer**, which involved Megan's Law III, Subchapter I was not void in 2021 when Appellant was prosecuted. We recently explained:

> Subchapter I addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012; **or** those who were required to register under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired. **See** 42 Pa.C.S.A. § 999.52. …
>
> In **Commonwealth v. Lacombe**, __ Pa. __, 234 A.3d 602 (2020), our Supreme Court held that Subchapter I of [Act 29] is nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws. **See id**. at __, 234 A.3d at 626-27. **See also Commonwealth v. Elliott**, 249 A.3d 1190, 1194 (Pa. Super. 2021) (rejecting *ex post*

---

[5] Appellant did not appeal the PCRA court's imposition of Megan's Law II's reporting requirements. Accordingly, Appellant waived any challenge to the legality of that sentence. **See**, **e.g.**, **Commonwealth v. Cline**, 177 A.3d 922, 927 (Pa. Super. 2017) (observing, in the context of Pa.R.A.P. 302(a), that "issues, even those of constitutional dimension, are waived" if not timely raised); **see also Commonwealth v. Jefferson**, 256 A.3d 1242, 1261 (Pa. Super. 2021) (*en banc*) (Bowes, J., concurring) ("Likewise, it has long been true that failure to raise an issue in the trial court, even one of constitutional dimension, results in waiver of the issue on appeal.").

*facto* challenge to lifetime registration for rape conviction where appellant was subject to Subchapter I reporting requirements).

***Commonwealth v. Lippincott***, 273 A.3d 1157, 1163 (Pa. Super. 2022) (*en banc*) (emphasis in original) (quoting ***Commonwealth v. Hubert***, 276 A.3d 210, 2022 WL 628630, at *3 (Pa. Super. filed Mar. 4, 2022) (unpublished memorandum at *3)); ***see also*** Pa.R.A.P. 126(b) (providing that non-precedential decisions filed after May 1, 2019, "may be cited for their persuasive value").

Appellant does not dispute his 2011 conviction of indecent assault of a child less than 13 years old occurred "on or after April 22, 1996, but before December 20, 2012." Appellant's ten-year registration period had not expired at the time of Subchapter I's enactment, or when Appellant failed to register in 2020. ***See*** 42 Pa.C.S.A. § 9799.52. As Subchapter I's registration requirements applied to Appellant, his issue does not merit relief. ***See id.***; ***see also Lippincott***, 273 A.3d 1163.

Judgment of sentence affirmed.

Judge Pellegrini joins the memorandum.

Judge Bowes files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/25/2023</u>