J-S14002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANGEL MIGUEL MORENO | : | |
| | : | |
| Appellant | : | No. 1418 MDA 2023 |

Appeal from the PCRA Order Entered September 11, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005511-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANGEL MIGUEL MORENO | : | |
| | : | |
| Appellant | : | No. 1419 MDA 2023 |

Appeal from the PCRA Order Entered September 11, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000677-2021

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY LAZARUS, P.J.:          **FILED: MAY 3, 2024**

Angel Miguel Moreno appeals from the order,[1] entered in the Court of

Common Pleas of York County, dismissing, in part, his petition filed pursuant

---

[1] Moreno has complied with the dictates of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), by filing two separate notices of appeal, one at each docket number.  Moreno filed an application for consolidation pursuant to Pa.R.A.P. 513, which this Court granted by *per curiam* order dated December 13, 2023.

to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On April 1, 2022, Moreno appeared for a stipulated non-jury trial, before the Honorable Amber A. Kraft, on two counts of failing to register with the Pennsylvania State Police.[2] Moreno stipulated to the facts contained within the affidavits of probable cause and criminal complaints and the court found him guilty. Moreno is a lifetime registered sex offender under Subchapter I of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.51-9799.75. On June 15, 2022, Judge Kraft sentenced Moreno to an aggregate, mitigated-range sentence of 3 to 6 years' incarceration, followed by one year of reentry supervision. Moreno filed neither post-sentence motions nor a direct appeal.

On July 8, 2022, Moreno filed the instant timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition raising, *inter alia*, a claim of trial counsel's ineffectiveness for failing to challenge the constitutionality of Moreno's SORNA registration requirements, as well as a claim that Moreno was entitled to a new sentencing hearing because he was not given the opportunity to allocute at his original sentencing proceeding. Following a hearing, at which trial counsel and Moreno testified, the PCRA court entered an order granting Moreno a new sentencing hearing and denying all other relief. Moreno filed timely notices of appeal, followed by a court-

---

[2] *See* 18 Pa.C.S.A. § 4915.2(a)(1).

ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He raises the following claim for our review:

Whether the [PCRA] court erred when rejecting [Moreno's] claim that trial counsel, Attorney Diana Spurlin, [Esquire,] rendered ineffective assistance when she failed to challenge the constitutionality of [SORNA] as applied to [Moreno.]

Brief of Appellant, at 2 (unnecessary capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. **Id.** The PCRA court's credibility determinations are binding on this Court where the record supports those determinations. **Commonwealth v. Widgins**, 29 A.3d 816, 820 (Pa. Super. 2011).

Here, Moreno claims that trial counsel provided ineffective assistance. To establish a claim of counsel's ineffectiveness, a petitioner must overcome the presumption that counsel was effective by proving "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." **Commonwealth v. Ousley**, 21 A.3d 1238, 1244 (Pa. Super.

- 3 -

2011) (citation omitted). "The failure to prove any one of the three prongs results in the failure of petitioner's claim." ***Id.***

Moreno argues that "SORNA is unconstitutional as applied to him and[,] therefore[, the] statute under which he was tried and convicted is void *ab initio*." Brief of Appellant, at 6. Because trial counsel failed to preserve his claim, despite her awareness of Moreno's wish to challenge the constitutionality of SORNA, Moreno claims that she rendered ineffective assistance. Moreno argues that "the [issue] at hand is not whether [Moreno's] registration under SORNA was unconstitutional to him but that Attorney Spurlin did **not raise and preserve** the issue of whether it was constitutional as applied to [him]." ***Id.*** at 7 (emphasis in original). Moreno, however, does not state in his brief the reasons why he believes SORNA to be unconstitutional as applied to him. He is entitled to no relief.

In ***Commonwealth v. Lacombe***, 234 A.3d 602 (Pa. 2020), our Supreme Court held that the retroactive application of Subchapter I[3] of SORNA is nonpunitive and does not violate the constitutional prohibition against *ex*

---

[3] "Subchapter I of SORNA addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012; or those who were required to register under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired." ***Commonwealth v. Lippincott***, 273 A.3d 1157, 1163 (Pa. Super. 2022), appeal denied, 286 A.3d 708 (Pa. 2022), citing 42 Pa.C.S.A. § 9799.52. Here, Moreno was convicted on November 14, 1992 of rape and involuntary deviate sexual intercourse and was classified as a lifetime registered sex offender as a result. As such, he is subject to the requirements of Subchapter I.

*post facto* laws. At Moreno's PCRA hearing, trial counsel testified regarding

Moreno's ineffectiveness claim as follows:

> Q: [] With regard[] to the constitutional issue that we're talking about related to the registration for [Moreno], is it your position that the way the law stands at this point in time[,] or at the time [that] he was sentenced[,] that the issue related to his situation had already been decided by the Superior Court and the Supreme Court?
>
> A: He didn't really tell me with any specificity what exactly his issue was with his registration.
>
> I recall part of his concern being that he had been taken off the registry after [**Muniz**[4]]. That does confuse a lot of people. They don't know why they're taken off and put back on.
>
> He never really articulated a specific reason he felt his registration was unconstitutional, and I did review—I reviewed it and I did not identify any.
>
> Q: Do you recall under which subchapter he's required to register?
>
> A: I believe he was prior to 2012. Is that ([I]), subchapter ([I])?
>
> Q: So[,] under subchapter ([I]), is it your understanding of the current caselaw, being specifically **Lacombe**, that the [Pennsylvania] Supreme Court has already said that [SORNA] can apply retroactively?
>
> A: Correct.
>
> Q: So[,] would that be the reason why you didn't feel there was any issue to raise at this particular time?
>
> A: Correct.

---

[4] **Commonwealth v. Muniz**, 164 A.3d 1189, 1218-23 (Pa. 2017) (holding *ex post facto* application of SORNA unconstitutional under both United States and Pennsylvania Constitutions), *superseded by statute as stated in* **Commonwealth v. Lacombe**, 234 A.3d 602, 615 (Pa. 2020) (holding retroactive application of Subchapter I of SORNA II nonpunitive and does not violate constitutional prohibition against *ex post facto* laws).

Q: If the law would change in the future, is it your position that he would still have the ability to then file a new PCRA claim realleging any constitutional issues at a later date?

A: I believe that to be the case. But I have never done appellate work in my life, so I'm not a hundred percent sure how that all works.

Q: So, in other words, you didn't file anything because you felt that the way the law stood at the time it would have no merit, and should the law change he would still have an avenue?

A: That's exactly correct.

N.T. PCRA Hearing, 5/24/23, at 11-13.

Here, counsel had a reasonable basis for not challenging the constitutionality of Subchapter I and, moreover, had she done so, Moreno would have been entitled to no relief pursuant to **Lacombe**. Because counsel cannot be deemed ineffective for failing to raise a non-meritorious claim, **Ousley**, **supra**, Moreno is entitled to no relief.

Order affirmed.
Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/3/2024

- 6 -