J-S13029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WARREN S. EVANS | : | |
| | : | |
| Appellant | : | No. 1429 EDA 2022 |

Appeal from the PCRA Order Entered April 27, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0014523-2011

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 9, 2023**

Warren S. Evans (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Appellant's appointed counsel, Gary S. Server, Esquire (PCRA Counsel), has moved to withdraw.  We grant PCRA Counsel's motion to withdraw and affirm the PCRA court's order.

In August 2012, a jury found Appellant guilty of involuntary deviate sexual intercourse with a child (IDSI with a child), endangering the welfare of children, and corruption of minors.[1]  On December 19, 2013, the trial court sentenced Appellant to an aggregate 6½ – 13 years of incarceration.  The court also found Appellant met the requirements for classification as a sexually

---

[*] Former Justice specially assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. §§ 3123(b), 4304(a), 6301(a)(1).

violent predator (SVP), and required him to register for his lifetime as a sex offender. Appellant filed a post-sentence motion, which was denied by operation of law. Appellant timely appealed.

Thereafter:

On December 3, 2014, the Superior Court upheld [Appellant's] conviction, but remanded the matter for re-sentencing[,] as [Appellant] was sentenced for IDSI forcible compulsion, [18 Pa.C.S.A. § 3123(a)(1),] not IDSI with a child …. [**Commonwealth v. Evans**, 135 A.3d 649 (Pa. Super. 2015) (unpublished memorandum).] [Appellant] filed a *pro se* petition for [allowance of appeal] to the Supreme Court Pennsylvania. The Supreme Court of Pennsylvania denied the petition. [**Commonwealth v. Evans**, 145 A.3d 162 (Pa. 2016).]

On January 9, 2016, [Appellant] filed a *pro se* Writ of *Habeas Corpus*, claiming that he was being held unconstitutionally because he had not received a docket report with the Superior Court's Order and Opinion from his December 13, 2016 appeal, and thus had not been given notice that his conviction had been remanded.

On February 6, 2017, [Appellant] filed a timely *pro se* PCRA petition. On June 23, 2017[,] the [c]ourt resentenced [Appellant] upon remand from the Superior Court. [Appellant] was resentenced to six and a half (6½) to thirteen (13) [years in prison] for IDSI with a child … rather than IDSI forcible compulsion.

Following this resentencing, [Appellant] filed a *pro se* supplemental PCRA petition on February 13, 2018. On March 18, 2018, with assistance of his counsel, Peter Alan Levin, Esquire, [Appellant] filed an amended PCRA petition on March 18, 2018.

On May 24, 2018 and June 4, 2018, [Appellant], through his counsel, filed copies of a second supplemental amended PCRA petition. On April 22, 2019, [Appellant] filed a *pro se* supplemental amended PCRA.

- 2 -

PCRA Court Opinion, 11/21/22, at 1-2 (unnumbered) (some capitalization altered).

On February 19, 2019, Appellant petitioned the PCRA court for leave to proceed *pro se*, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). The PCRA court held a **Grazier** hearing on October 2, 2020, and granted Appellant permission to proceed *pro se*.

Appellant filed a *pro se* amended PCRA petition on November 10, 2020. The Commonwealth filed a motion in opposition on March 18, 2021. On February 8, 2022, the PCRA court notified Appellant of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. The court concluded all of Appellant's claims were meritless, and stated:

> [Appellant claims his] constitutional rights were violated when he was required to submit to Megan's Law [lifetime sex offender reporting] requirements under the Sex Offender Registration and Notification Act ("SORNA")[, 42 Pa.C.S.A. §§ 9799.10—9799.42.] This argument has no merit due to the Pennsylvania Supreme Court's decision in **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020). In **Lacombe**, the Court held that the retroactive application of SORNA's Subchapter I does not violate the *ex post facto* laws of the U.S. Constitution and is non-punitive. **Id.** Here, [Appellant's] SORNA conditions are within the scope of Subchapter I. [Appellant] was convicted on August 31, 2012, which places him within the scope of retroactive application of Subchapter I, enacted by the Pennsylvania Legislature. Therefore, under **Lacombe**, [Appellant's] retroactive sex offender registration under SORNA Subchapter I does not violate *ex post facto* laws.

Notice of Intent to Dismiss, 2/8/22, at 10 (unnumbered) (paragraph breaks and numbering omitted). Appellant filed a *pro se* response on March 25, 2022.

The PCRA court dismissed Appellant's PCRA petition on April 27, 2022. That same day, the court appointed PCRA Counsel for Appellant. Appellant timely filed a notice of appeal. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

On January 29, 2023, PCRA Counsel filed in this Court a brief and separate motion to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[2] Appellant filed a motion in opposition to the **Turner**/**Finley** Brief and motion to withdraw on March 24, 2023. Motion in Opposition, 3/24/23, ¶ 2 ("[PCRA] Counsel … did not make a thorough and conscientious examination"), and **id.** ¶ 3 ("[PCRA] Counsel cannot possibly believe the [a]ppeal in its present procedu[r]al posture is wholly frivolous, without merit, supporting law or facts.").

Appellant presents two issues for our review:

[1.] Whether the sentence imposed upon the Appellant is illegal, null and void where there are conditions of submitting to lifelong Megan's [L]aw requirements pursuant to 42 Pa.C.S. Section

---

[2] PCRA Counsel's **Turner**/**Finley** Brief also references **Anders v. California**, 386 U.S. 738 (1967), and its progeny. **See Turner**/**Finley** Brief at 12-14. The procedure set forth in **Anders** is not appropriate for withdrawing from PCRA representation. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003) (**Anders** briefs are procedurally inappropriate in PCRA appeals). However, PCRA Counsel correctly observes that in **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004), we held: "[B]ecause an **Anders** brief provides greater protection to the defendant, we may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter." **Turner**/**Finley** Brief at 13; **see also Karanicolas**, 836 A.2d at 947 (stating that substantial compliance with requirements to withdraw will satisfy **Turner**/**Finley** criteria).

9795.1 *et seq.*[,] where the Appellant was designated as a Sexually Violent Predator pursuant to 42 Pa.C.S. section 9795.4 on 12/19/13[,] following the 8/31/12 conviction under Megan's Law III and 18 Pa.C.S. Section 4915 that was thereafter declared unconstitutional on 12/16/13 as a violation of Pa.Const. Art. 3 Sec. 1 pursuant to **Commonwealth v. Neiman**, 84 [A.]3d 603 ([P]a. 2013[),] which occurred before the Appellant's final judgment of sentence on 12/19/13[,] as the lower court lacked the authority to impose an illegal sentence under Megan's Law III because it no longer existed and was stricken as unconstitutional by the time that the Appellant was actually sentenced?

[2.] Whether the PCRA court erred and abused its discretion where it denied the Appellant's request for collateral relief when the sentence imposed was illegal and violated the Appellant's due process and other constitutional protections when the court lacked the authority to sentence the Appellant and impose lifelong reporting conditions on 12/19/13[,] following the Appellant's August 2012 conviction under Megan's Law III where it was declared to be unconstitutional on 12/16/13 pursuant to the holding of **Commonwealth v. Neiman**, 84 A.[3]d 603 (Pa. 2013)?

*Turner*/*Finley* Brief at 6.[3]

We first address whether PCRA Counsel has satisfied the requirements of *Turner*/*Finley* in petitioning to withdraw. **Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa. Super. 2019) ("When presented with a brief pursuant to *Turner*/*Finley*, we first determine whether the brief meets the procedural requirements of *Turner*/*Finley*."). This Court has explained:

A *Turner*/*Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009) [(overruled on other grounds by **Commonwealth v. Bradley**,

---

[3] Appellant argues his issues together. **See Turner**/**Finley** Brief at 13-18.

261 A.3d 381, 401 (Pa. 2021) ("we now … abandon ***Pitts***'s … approach as the sole procedure for *challenging PCRA counsel's effectiveness*") (italics added))]. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. [***Commonwealth v.***] ***Wrecks***, 931 A.2d [717,] 721 [(Pa. Super. 2007)]. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues. ***Commonwealth v. Muzzy***, 141 A.3d 509, 511 (Pa. Super. 2016).

***Knecht***, 219 A.3d at 691 (citations modified).

Our review discloses that PCRA Counsel has complied with the above requirements. ***See Karanicolas***, 836 A.2d at 947. PCRA Counsel's ***Turner***/***Finley*** brief (1) sets forth the issues Appellant wants this Court to review; (2) states PCRA Counsel has conducted a conscientious examination of the record; (3) determines there are no non-frivolous arguments to support Appellant's claims; and (4) explains why Appellant's claims lack merit. ***See Turner***/***Finley*** Brief at 13-19. Additionally, PCRA Counsel mailed to Appellant correspondence informing him of PCRA Counsel's intention to withdraw from representation and advising Appellant of his rights, in compliance with ***Commonwealth v. Friend***, 896 A.2d 607, 614 (Pa. Super. 2006). ***See*** Motion to Withdraw as Counsel, 1/29/23, attachment. As PCRA Counsel has complied with ***Turner***/***Finley***, we independently review Appellant's issues.

Our standard of review is limited to "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020).

Appellant argues the PCRA court erred in rejecting his claim that his lifetime sex offender reporting requirement is illegal, because "SORNA imposes upon him a punitive and unconstitutional *ex post facto* law…." **Turner**/**Finley** Brief at 16. Appellant "primarily relies upon **Commonwealth v. Neiman**, 84 A.3d 603 (Pa. 2013)…." **Turner**/**Finley** Brief at 16 (some capitalization altered); **see also Neiman**, 84 A.3d at 613 (holding that provisions of Megan's Law III violated the single subject rule of Article III, Section 3 of the Pennsylvania Constitution).

Appellant's claim presents a question of law. Therefore, "our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Brensinger**, 218 A.3d 440, 456 (Pa. Super. 2019) (*en banc*) (citation omitted).

Pertinently, the PCRA court explained:

> The Pennsylvania General Assembly enacted Megan's Law III on November 24, 2004. **Commonwealth v. Stanley**, 259 A.3d 989, 990 n.2 (Pa. Super. [] 2021). Although the Supreme Court of Pennsylvania ruled Megan's Law III to be unconstitutional under Article III, Section 3 of the Pennsylvania Constitution, by the time the law had been struck down, the Pennsylvania General Assembly had replaced Megan's Law III with … SORNA[] in order bring the Commonwealth into compliance with the Federal Adam Walsh Child Protection and Safety Act of 2006. **See Commonwealth v. Neiman**, 84 A.3d 603 (Pa. 2013) (striking down Megan's Law III); **Commonwealth v. Lacombe**, 234 A.3d 602, 608-09 (Pa. 2020) (providing details about the [o]riginal SORNA statute); **Stanley**, 295 A.3d at 990 n.2 (explaining the legislative timeline).
>
> The Supreme Court [of] Pennsylvania held that provisions in the original iteration of SORNA, which retroactively applied to defendants convicted before SORNA's effective date, constituted

punishment and violated both the Federal and State *ex post facto* clauses. **Commonwealth v. Muniz**, 164 A.3d 1189, 1193 (Pa. 2017) [(superseded by statute as stated in **Commonwealth v. Lippincott**, 273 A.3d 1157, 1162 (Pa. Super. 2022) (*en banc*))]. In response to **Muniz** and the Superior Court's ruling in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), which invalidated SORNA's mechanism for determining … SVP[] status, the General Assembly enacted Subchapter I, which becomes the "operative version of SORNA for those sexual offenders whose crimes occurred between April 22, 1996 and December 20, 2012." **Lacombe**, 234 A.3d at 616; **see also** 42 Pa.[C.S.A.] § 9799.51 (2018); **Stanley**, 295 A.3d at 991 n.4 ("To address *ex post facto* concerns, the amendment separates the provisions into distinct subchapters— Subchapter H, for offenders whose underlying conduct occurred on or after December 20, 2012, SORNA's effective date, and Subchapter I, for offenders required to register under former versions of Megan's Law."). Among the provisions of the enacted Subchapter I is that offenders convicted of one of the triggering offenses must register either for a period of ten years or for life. 42 [Pa.C.S.A.] § 9799.55(a)-(b) (2018). Offenders who are convicted of certain crimes, including IDSI, are subject to lifetime registration under Subchapter I. [**Id.**] § 9799.55(b) (2018).

Here, [Appellant] is subject to the provisions of Subchapter I, including lifetime registration, because he was convicted of IDSI with a child … on August 31, 2012, which is after April 22, 1996, but before December 20, 2012. **See** 42 Pa.[C.S.A.] §§ 9799.52, 9799.55 (2018).

In … **Lacombe**, the Supreme Court of Pennsylvania addressed whether Subchapter I of SORNA, as retroactively applied to those convicted prior to its effective date, constituted a punitive and unconstitutional *ex post facto* law. **Lacombe**, 234 A.3d at 605-06. The Court concluded that **the provisions of Subchapter I explicitly do not constitute criminal punishment and are not unconstitutional as *ex post facto* laws. Id.** at 626-27.

**Pursuant to the Supreme Court's ruling in *Lacombe*, [Appellant's] retroactive lifetime sex offender registration under SORNA Subchapter I does not violate the prohibition against *ex post facto* laws. See id.**; **see also** 42 Pa.[C.S.A.]

- 8 -

§§ 9799.52, 9799.55 (2018).  Therefore, the sentence [the trial] court imposed was proper.

PCRA Court Opinion, 11/21/22, at 4-5 (unnumbered) (emphasis added; some capitalization altered).  The PCRA court's reasoning is supported by the record and the law.  Contrary to Appellant's claim, his lifetime sex offender reporting requirement is lawful.  ***See Lacombe***, ***supra***.

Based on the foregoing, we grant PCRA Counsel's motion to withdraw from representation and affirm the dismissal of Appellant's PCRA petition.

Motion to withdraw granted.  Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2023