J-S19038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                                          :

           v.                            :
                                          :

KELLY BRYAN DONAHUE         :
                                          :

          Appellant         :     No. 1557 MDA 2022

Appeal from the PCRA Order Entered September 12, 2022
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0000904-2020

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:       **FILED: OCTOBER 31, 2023**

Kelly Bryan Donahue ("Donahue") appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act[1] (PCRA).  We affirm and deny Donahue's petition for a writ of *habeas corpus*.

The PCRA court detailed the underlying facts and procedural history:

> On December 31, 2019, a criminal complaint was filed against [Donahue] alleging three (3) counts of failure to comply with registration requirements [18 Pa.C.S.A. §§ 4915.2(a)(1), (2) and (3)] and one (1) count of unsworn falsification to authorities [18 Pa.C.S.A. § 4904(b)].  A preliminary hearing was held . . . and all charges were held for disposition in [the trial c]ourt.  [Donahue] was then represented by an attorney from the Dauphin County Public Defender's Office.  [U]pon [Donahue's] request, counsel of record filed a motion to withdraw as counsel seeking the withdrawal of the Public Defender's Office.  [The trial court granted] the motion to withdraw[.]
>
> [Donahue] filed a *pro se* motion to dismiss based upon his belief that a *prima facie* case was found at the preliminary hearing

---

[1] 42 Pa.C.S.A. §§ 9541–9546.

in contravention of the Pennsylvania Supreme Court's holding in **Commonwealth v. McClelland**, 233 A.3d 717 (Pa. 2020) (hearsay evidence alone is insufficient to establish a *prima facie* case at a preliminary hearing[])[.] [The trial court] denied [Donahue's *pro se*] motion to dismiss. [Donahue] filed a notice of appeal to the Superior Court. . . . David Hoover, Esquire, was appointed as new counsel for [Donahue]. [Donahue's] appeal was dismissed for failure to file a brief.

[Donahue], pursuant to a negotiated plea agreement, pled guilty to two (2) counts of failure to comply with registration requirements. [The trial court] sentenced [Donahue] to a term of not less than one and one-half [] nor more than three [] years in a state correctional institution with two [] years of consecutive probation. [Donahue] filed neither post-sentence motions nor a direct appeal.

[Donahue] filed a [timely] *pro se* [PCRA petition]. [The PCRA court] issued an order appointing Kristen Weisenberger, Esquire, as PCRA Counsel. Attorney Weisenberger filed a motion to withdraw . . . pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) [(*en banc*)] and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

Rule 907 Notice, 8/10/22, at 1-2 (dates, footnotes, and some capitalization omitted).

The PCRA court issued notice of its intent to dismiss Donahue's PCRA petition without hearing and granted counsel's motion to withdraw. **See id**. at 1-5. Donahue filed a response. The PCRA court dismissed Appellant's PCRA petition. The instant, timely appeal followed.[2] The PCRA court did not order

---

[2] Donahue erroneously filed his notice of appeal in this Court on October 3, 2022. Due to a breakdown in this Court's process, this Court did not forward the notice of appeal to the PCRA court, as required by Pa.R.A.P. 905(a)(4), until November 2, 2022. **See** Pa.R.A.P. 905(a)(4) (permitting transmission of a notice of appeal that was originally filed in an incorrect office). Because
*(Footnote Continued Next Page)*

Donahue to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925. Instead, the PCRA court issued a memorandum *in lieu* of opinion, incorrectly opining Donahue's appeal was untimely filed.[3] Memorandum in Lieu of Opinion, 11/15/22, at 1-2 (unnumbered). The PCRA court noted, in the event this Court found the notice of appeal to be timely filed, its reasons for dismissing Donahue's PCRA petition could be found in the Rule 907 notice. **Id**. at 2 (unnumbered). Donahue subsequently filed a Rule 1925(b) statement. The PCRA court did not issue an additional opinion and has not addressed the issues raised in Donahue's *pro se* Rule 907 response or in his Rule 1925(b) statement.

Donahue raises the following issues on appeal:

1. [Whether the PCRA court erred in not finding the] trial court lacked [] jurisdiction to preside over [Donahue's] case[?]

2. [Whether] trial counsel was ineffective for:

   A. Failing to object to the Commonwealth's use of hearsay testimony alone to establish its *prima facie* case [at the preliminary hearing?]

   B. Abandoning [Donahue] from the onset of appointment [by] fail[ing]/refus[ing] to comply with multiple Superior Court orders to file briefs and fail[ing] to file *habeas corpus* petitions[?]

_____

Donahue filed the *pro se* document in this Court within 30 days of the PCRA court's order, we deem this appeal timely filed.

[3] Likewise, in its brief, the Commonwealth, in its single page of argument, erroneously contends Donahue failed to file a timely notice of appeal. **See** Commonwealth's Brief at 4. The Commonwealth devotes two sentences to addressing the merits of Donahue's claims. **See id**.

> C. Failing to object during the oral guilty plea colloquy, as not all of the requirements of said plea colloquy were satisfied by the trial court[?]

Donahue's Brief at 5 (some capitalization omitted).

Donahue appeals from the denial of his PCRA petition. We review the PCRA court's denial of relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id*.

> [T]he PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings. [T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011) (internal quotation marks and citations omitted).

Donahue contends that the trial court lacked subject matter jurisdiction over his case because: (1) the underlying offenses that led to his placement on the sexual offenders' registry took place in Clearfield County; (2) the Commonwealth charged him in the instant matter under a repealed law; and

(3) the investigating officer, rather than any of the witnesses, signed the affidavit of probable cause. *See id*.

Donahue pleaded guilty in this matter. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). A guilty plea "constitutes a waiver of jurisdiction over the person of the defendant." *Commonwealth v. Little*, 314 A.2d 270, 272 (Pa. 1974). However, subject matter jurisdiction cannot be waived. *See id*. at 272-73.

Whether a court has subject matter jurisdiction over a matter is a question of law, therefore, our standard of review is *de novo*. *See Commonwealth v. Jones*, 929 A.2d 205, 211 (Pa. 2007). There are two requirements for subject matter jurisdiction in criminal cases: 1) the competency of the court to hear the case; and 2) the provision of specific and formal notice to the defendant of the crimes charged. *See id*. at 210 (citation omitted). "[A]ll courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code[.]" *Id*. (citation omitted); *see also Commonwealth v. Kohler*, 811 A.2d 1046, 1050 (Pa. Super. 2002) (holding a county court of common pleas has jurisdiction over offenses which take place within its borders).

The Dauphin County Court of Common Pleas was competent to hear Donahue's case, which involved violations of the Pennsylvania Crimes Code occurring in Dauphin County, because Donahue, a sexually violent predator ("SVP"), absconded from Keystone Corrections in Dauphin County and did not notify the Pennsylvania State Police ("PSP") of his change of address. **See Jones**, 929 A.2d at 210; **Kohler**, 811 A.2d at 1050; **see also** N.T., 8/12/21, at 3-4; Affidavit of Probable Cause, 12/31/19, at 1-3. Further, Donahue received specific and formal notice of the charges, including the allegation the that he absconded from Keystone Corrections and failed to notify the PSP of his change of address occurred in Dauphin County, when the police filed the criminal complaint. **See** Criminal Complaint, 12/31/19, at 1-4. Moreover, Donahue provides no legal support for his claim. The Commonwealth was required to bring the charges in Clearfield County because the offenses which led to his placement on the sex offender registry occurred in Clearfield County. Therefore, the trial court had jurisdiction over Donahue's case. Thus, Donahue's claim that the trial court lacked subject matter jurisdiction does not merit relief.

Donahue also maintains the trial court lacked subject matter jurisdiction because he was originally determined to be an SVP and subject to lifetime registration pursuant to Megan's Law II, 42 Pa.C.S.A. §§ 9791–9799.7 (expired). **See** Donahue's Brief at 11-12. Donahue notes Megan's Law II was replaced by Pennsylvania's Sex Offender Registration and Notification Act

(SORNA), 42 Pa.C.S.A. §§ 9799.10–9799.42. *See id*. at 12. In *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), the Pennsylvania Supreme Court held the retroactive application of SORNA violated the Pennsylvania Constitution. *See id*. 164 A.3d at 1223. Thus, Donahue argues the trial court lacked subject matter jurisdiction because the Commonwealth charged him with "a violation of [a] law that is void, unconstitutional and nonexistent as it has been repealed." Donahue's Brief at 12 (unnecessary capitalization omitted).

However, Donahue ignores the fact that, in response to *Muniz*, the General Assembly

> returned to the drawing board and redrafted SORNA into two subchapters: Subchapter H and Subchapter I. Subchapter H governs those whose offenses occurred after December 20, 2012. Subchapter I applies to those whose offenses were completed prior to that date.

*Commonwealth v. Santana*, 266 A.3d 528, 530 n.7 (Pa. 2021).

The Commonwealth charged Donahue with failing to comply with Subchapter I registration requirements in violation of Crimes Code Section 4915.2(a)(1). *See* 18 Pa.C.S.A. § 4915.2(a)(1); *see also* 42 Pa.C.S.A. § 9799.55. At the time Donahue failed to register, Subchapter I imposed a lifetime registration requirement on

> (2) Individuals convicted:
>
> (i)(A) in this Commonwealth of the following offenses, if committed on or after April 22, 1996, but before December 20, 2012:

- 7 -

18 Pa.C.S.[A.] § 3121 (relating to rape);

\* \* \* \*

(B) in this Commonwealth of offenses set forth in clause (A) who were required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired; or

\* \* \* \*

(3) Sexually violent predators.

42 Pa.C.S.A. § 9799.55(b)(2)(i)(A), (B), and (b)(3).

Subchapter I expressly states:

This subchapter shall apply to individuals who were:

(1) convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012, whose period of registration with the Pennsylvania State Police, as described in section 9799.55 (relating to registration), has not expired; or

(2) required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired.

42 Pa.C.S.A. § 9799.52.

Subchapter I was not void in 2019 when the Commonwealth charged Donahue. This Court stated, "our Supreme Court held that Subchapter I of [Act 29] is nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws." **Commonwealth v. Lippincott**, 273 A.3d 1157, 1163 (Pa. Super. 2022) (*en banc*) (citations omitted).

Donahue does not dispute his 2002 conviction of rape occurred "on or after April 22, 1996, but before December 20, 2012." *See Commonwealth v. Donahue*, 1790 WDA 2008 (Pa. Super. 2009) (unpublished memorandum at 1). As a result of that conviction, following a January 2003 hearing, the trial court designated Donahue an SVP. *See id*. at 2. As an SVP, Donahue is a lifetime registrant. *See id*. Thus, Donahue's registration period had not expired at the time of Subchapter I's enactment, or when Donahue failed to register in 2019. *See* 42 Pa.C.S.A. § 9799.52. Because Subchapter I's registration requirements applied to Donahue, his claim the trial court lacked subject matter jurisdiction because it charged him under a law that was subsequently declared void does not merit relief. *See id*.; *see also Lippincott*, 273 A.3d 1163.

Donahue also avers the trial court lacked subject matter jurisdiction because the affidavit of probable cause was signed by a police officer and not the witnesses to his failure to register. *See* Donahue's Brief at 13-14. However, Donahue does not point to any Pennsylvania law which supports his contention that the affidavit of probable cause must be signed by a witness rather than a law enforcement officer. *See id*. at 13-14. This Court will not act as counsel and will not develop arguments for an appellant. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007); *Bombar v. West American Insurance Company*, 932 A.2d 78, 94 (Pa. Super. 2007). This undeveloped claim merits no relief.

For the reasons discussed above, Donahue's claim the trial court lacked subject matter jurisdiction over his failure to register case lacks any legal or factual support and does not merit relief.

In his remaining three issues, Donahue contends he received ineffective assistance of counsel. *See* Donahue's Brief at 14-28. For a PCRA petitioner to obtain relief on an ineffectiveness claim, he must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. Counsel is presumed to have rendered effective assistance. Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the [ineffective assistance test] prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

*Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) (citations omitted).

Donahue's first two claims of ineffective assistance of counsel concern his preliminary hearing and his subsequent *pro se* appeal of the denial of a motion to dismiss. *See* Donahue's Brief at 15-24. Specifically, Donahue complains preliminary hearing counsel was ineffective for failing to object to the Commonwealth's use of hearsay testimony to establish a *prima facie* case in violation of the Pennsylvania Supreme Court's decision in *Commonwealth v. McClelland*, 233 A.3d 717 (Pa. 2020) (holding hearsay evidence alone is insufficient to establish a *prima facie* case at a preliminary hearing). *See id*.

at 15-18. Donahue further argues subsequent counsel[4] was ineffective for failing to file a brief in an interlocutory appeal Donahue filed from the denial of his *pro se* motion to dismiss, and for failing to file counseled petitions for writs of *habeas corpus* relying on **McClelland**. **See id**. at 20-24.

Donahue cannot receive relief under the **McClelland** decision because Donahue's guilty plea cured any defect in his preliminary hearing. In **Commonwealth. v. Rivera**, 255 A.3d 497 (Pa. Super. 2021), **reversed on unrelated grounds by Commonwealth v. Rivera**, 296 A.3d 1141 (Pa. 2023), the Superior Court refused to apply **McClelland** where the defendant had been convicted and the complained-of defect in his preliminary hearing had been cured at trial. The Court reasoned, "[o]nce [an] appellant has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial[.]" **Id**. at 504 (citation omitted). Moreover, our Supreme Court has stated, "once a defendant . . . has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is

---

[4] The Office of the Public Defender of Dauphin County represented Donahue at the preliminary hearing but withdrew from the case at Donahue's request in November 2020. **See** Rule 907 Notice, 8/10/22, at 1. While proceeding *pro se* in November 2020, Donahue filed a motion to dismiss challenging the finding the Commonwealth had met its burden of proving a *prima facie* case. **See id.** The trial court denied the motion in December 2020 and Donahue filed a notice of appeal in late January 2021. **See id**. at 2. The trial court appointed Attorney Hoover to represent Donahue in March 2021. **See id**. According to Donahue, Attorney Hoover refused to file a brief in the *pro se* appeal because he determined the appeal was not timely filed. **See** Donahue's Brief at 20. This Court dismissed the appeal for failure to file a brief. **See** Rule 907 Notice, 8/10/22, at 2.

rendered immaterial." ***Commonwealth v. Sanchez***, 82 A.3d 943, 984 (Pa. 2013) (citation omitted). Thus, because Donahue pleaded guilty, rendering any defect in the preliminary hearing "immaterial," he cannot show actual prejudice. ***See id***. Therefore, his claims of ineffective assistance of counsel with respect to his preliminary hearing and the appeal of the denial of his motion to dismiss based on ***McClelland*** do not merit relief. ***See Treiber***, 121 A.3d at 445.

Donahue's final allegation is that plea counsel was ineffective for failing to object to an allegedly defective plea colloquy. ***See*** Donahue's Brief at 5, 25-28. Donahue complains the colloquy was defective because the trial court directed that his sentence in this case be served consecutively to any other sentence, rather than concurrently, which Donahue maintains was agreed to by the parties. ***See id***.

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." ***Commonwealth v. Rathfon***, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded

of attorneys in criminal cases." *Id*. (internal quotation marks and citations omitted). Where a defendant has pleaded guilty, to satisfy the prejudice requirement of the ineffectiveness test, he must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Rathfon*, 899 A.2d at 370 (citation omitted).

This Court has held where the record clearly shows the trial court conducted a thorough plea colloquy and the defendant understood his rights and the nature of the charges against him, the plea is voluntary. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001). In examining whether the defendant understood the nature and consequences of his plea, we look to the totality of the circumstances surrounding the plea. *See id*. At a minimum, the trial court must inquire into the following six areas:

(1)  Does the defendant understand the nature of the charges to which he is pleading guilty?

(2)  Is there a factual basis for the plea?

(3)  Does the defendant understand that he has a right to trial by jury?

(4)  Does the defendant understand that he is presumed innocent until he is found guilty?

(5)  Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6)  Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id*. (citation omitted); *see also* Pa.R.Crim.P. 590, Comment.

Defense counsel or the attorney for the Commonwealth, as permitted by the court, may conduct this examination. *See* Pa.R.Crim.P. 590, Comment. Moreover, the examination may consist of both a written colloquy the defendant read, completed, and signed, and made a part of the record; and an on-the-record oral examination. *See id*.

Here, Appellant signed a written plea colloquy and engaged in an oral colloquy. *See* Written Guilty Plea Colloquy, 8/12/21, at 1-6; N.T., 8/12/21, at 1-8. While the record reflects Donahue stated after sentencing that he thought his sentence in the instant matter was to be served concurrently to any other sentence,[5] there is nothing of record which supports Donahue's claim the parties agreed to concurrent sentences. Rather, the record demonstrates Donahue agreed to plead guilty in return for the Commonwealth withdrawing two of the charges against him, and the parties agreed to "a sentence of one and a half to three years with consecutive two years of probation." N.T., 8/12/12, at 2. When the trial court asked if there was anything Donahue wished to state before the judge imposed the negotiated sentence, Donahue did not mention any alleged agreement regarding

_____

[5] During the guilty plea hearing, Donahue stated, "This was supposed to run concurrent to the original sentence." *See* N.T., 8/12/21, at 7; *see also* Written Plea Colloquy, 8/12/21, at 4 (in response to question regarding Donahue's understanding that the sentence could be imposed consecutively, Donahue replied "Yes, to each other not the original[.]").

- 14 -

concurrent versus consecutive sentences but instead stated he was, "Ready to roll." *Id*. at 4.

It was not until *after* the trial court imposed sentence and granted counsel's request for time-served, that plea counsel requested that "this sentence be made concurrent to a docket from 2002, CP-17-CR-453-2002."[6] *Id*. at 6. The trial court noted "this [was] not [its] normal practice[,]" then asked if this was "part of the negotiated plea agreement?" *Id*. The Commonwealth said it was not. *Id*. Donahue did not dispute the Commonwealth's comment, did not object, and did not ask to withdraw his guilty plea. After the Commonwealth explained Donahue's post-sentence rights, Donahue did state, "This was supposed to run concurrent to the original sentence." *Id*. at 7. The Commonwealth disagreed, noting it was not its "practice" to agree to concurrent sentences when the original case was not "in front" of it. *Id*. at 7-8. Again, Donahue did not debate the Commonwealth's claim, did not object, and, most importantly, did not seek to withdraw his guilty plea.

Donahue did not file any post-sentence motion, did not seek to withdraw his guilty plea, and did not file a direct appeal. In his *pro se* PRCA petition, while Donahue alleged his guilty plea was involuntary, he did not raise his

---

[6] Plea counsel would not have needed to make this request if the issue of concurrent versus consecutive sentences had been negotiated as part of the plea deal.

current claim, but rather maintained he was forced to plead guilty because of preliminary hearing counsel's errors. *See* PCRA Petition, 6/29/22, at 2 and 4. It was not until over one year after the entry of his guilty plea, in his response to the PCRA court's Rule 907 notice, that Donahue first claimed counsel had failed to object to the plea colloquy because the trial court directed his sentence be served consecutively to any other sentence. *See* Response to Rule 907 Notice, 9/7/22, at 16-17. Donahue still has not stated he wishes to withdraw his guilty plea, or he wishes to go to trial, but instead seeks dismissal of the charges against him. *See* Donahue's Brief, at 29. Donahue has, thus, never claimed but for counsel's inadequate representation, he would have elected to proceed to trial.

The statements made during a plea colloquy bind a criminal defendant. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002). As a result, a defendant cannot assert grounds for withdrawing the plea that contradict statements made at that time. *See Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999). Further, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.'" *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citation omitted). Here, Donahue faced a maximum possible sentence of 20 years in prison. *See* Written Guilty Plea Colloquy, 8/12/21, at 1. In his written guilty plea, the

Commonwealth dropped two of the charges against him and agreed to a sentence of one and one-half to three years. *See* N.T., 8/12/21, at 2. Donahue's oral and written plea colloquies covered all six of the necessary areas. *See* Written Plea Colloquy, 8/12/21, at 1-6; N.T., 8/12/21, at 1-8; *see also McCauley*, 797 A.2d at 922. Donahue has not shown his decision to enter the guilty plea was unknowing, unintelligent, or involuntary or that there was any meritorious basis for plea counsel to object to the sentence. He has therefore failed to prove prejudice. Thus, his claim for ineffective assistance of plea counsel lacks merit.

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Donahue's PCRA petition without a hearing. Further, we deny Donahue's petition for a writ of *habeas corpus* as moot.

Order affirmed. Petition denied.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2023