J-S22021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY W. MCWILLIAMS | : | |
| | : | |
| Appellant | : | No. 1399 MDA 2024 |

Appeal from the Order Entered September 24, 2024
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0001046-2009

BEFORE:   LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                              **FILED: JULY 18, 2025**

Jeffrey W. McWilliams appeals from the order that denied his petition seeking review of his sexual offender registration obligations.  In this Court, Brandy Grace Hoke, Esquire, has filed a petition to withdraw as Appellant's counsel and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm the order and grant counsel's application to withdraw.

Appellant kidnapped and raped a fifteen-year-old child in 2009.  In 2010, he pled guilty to those offenses as codified at 18 Pa.C.S. §§ 3121(a)(1) and 2901(a)(2), respectively.  The trial court, pursuant to the negotiated plea agreement, sentenced Appellant to an aggregate term of six and one-half to

_____

[*] Former Justice specially assigned to the Superior Court.

twenty years of incarceration. As a result of his convictions, Megan's Law III purported to render him a lifetime sexual offender registrant.[1] Thereafter, Appellant submitted "constant and frivolous *pro se* filings" including "no less than four previous [Post Conviction Relief Act ("PCRA")] petitions and multiple appeals to both the Superior Court and Commonwealth Court." Trial Court Opinion, 11/4/24, at 1 (unnecessary capitalization omitted). None garnered him relief.

Appellant filed the *pro se* petition at issue in this appeal in August 2024, contending that a lifetime registration requirement was unconstitutional, and he should only have to register for ten years pursuant to Megan's Law I, 42 Pa.C.S. § 9793 (deleted in 2000). The court appointed Attorney Hoke to represent Appellant and scheduled an argument on the matter.[2] After that

---

[1] Our Supreme Court subsequently held that Megan's Law III was unconstitutionally enacted and hence void *ab initio*. *See Commonwealth v. McIntyre*, 232 A.3d 609, 619 (Pa. 2020). By that time, the Megans's Laws had been replaced by two versions of a Sexual Offender Registration and Notification Act ("SORNA I" and "SORNA II"). We discuss these laws further *infra*.

[2] The trial court observed that there were "no procedural rules supporting this filing," and thus in essence treated it as a PCRA petition. *See* Trial Court Opinion, 11/4/24, at 2. However, it did not analyze whether the timing of the filing more than one year after Appellant's judgment of sentence became final deprived it of jurisdiction to entertain it as a PCRA petition. *Id*. at 2 n.2. As the Pennsylvania Supreme Court ruled that the PCRA is not the sole mechanism for challenging sexual offender registration requirements, we do not treat these as PCRA proceedings or deem the PCRA's jurisdictional time bar applicable to the petition *sub judice*. *See Commonwealth v. Lacombe*, 234 A.3d 602, 618 (Pa. 2020).

proceeding, the court denied Appellant's petition by order of September 24, 2024.

Appellant filed a *pro se* notice of appeal on September 26, 2024, requesting therein that Attorney Hoke meet with him "prior to filing appeal [*sic*]."[3] Notice of Appeal, 9/26/24. The court directed Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days its October 10, 2024. Fifteen days later, Appellant *pro se* filed (1) a Rule 1925(b) statement, and (2) a motion for the appointment of new counsel for this appeal, complaining therein that he had to file his own statement because Attorney Hoke did not contact him about it.[4] The trial court promptly denied Appellant's motion, noting that the time for filing the statement had not expired. Attorney Hoke filed a timely statement on October 30, 2024, identifying three claims of error, and the trial court authored a responsive Rule 1925(a) opinion.

As noted, in this Court Attorney Hoke filed both an ***Anders*** brief and a petition seeking leave to withdraw as counsel. The following legal principles guide our review of such requests:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth

---

[3] Notices of appeal are an exception to the general rule that a *pro se* filing by a represented party in a criminal matter is a legal nullity. ***See***, ***e.g.***, ***Commonwealth v. Hopkins***, 228 A.3d 577, 580-81 (Pa.Super. 2020).

[4] Appellant's *pro se* Rule 1925(b) statement was a legal nullity. ***See*** ***Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010).

issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Cook*, 175 A.3d 345, 348 (Pa.Super. 2017) (cleaned up).

Our Supreme Court has further detailed counsel's duties as follows:

[I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

As an initial matter, we observe that *Anders* applies when a litigant has a constitutional right to counsel, not a statutory or rule-based right. *See*, *e.g.*, *Commonwealth v. Turner*, 544 A.2d 927, 929 (Pa. 1988) ("[T]he federal constitutional considerations underlying the tortuous procedures of

**Anders** do not apply under the [predecessor to the PCRA].").  In collateral proceedings, for example, where the right is rule-based, counsel need only indicate that the petition in question is meritless, "even if it is not so anemic as to be deemed wholly frivolous."  **Commonwealth v. Wrecks**, 931 A.2d 717, 722 (Pa.Super. 2007); **see also Commonwealth v. Finley**, 550 A.2d 213, 215 (Pa.Super. 1988) (*en banc*).  Since **Anders** imposes a higher bar for withdrawal, we will accept an **Anders** brief from collateral review counsel. **See**, **e.g.**, **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa.Super. 2014).

It is unclear whether Appellant had a right to counsel in pursuing the instant petition and, if so, from where that right stemmed.[5]  In any event, we perceive that Attorney Hoke has substantially complied with the most stringent withdrawal requirements by, pursuant to **Anders**, setting forth a history of the case, referring to issues that arguably support the appeal, citing case law pertinent to those issues, explaining why the law does not warrant relief, and stating her conclusion that there is no support for the appeal.[6]

_____

[5] Pursuant to Subchapter I of SORNA II, an individual required thereby to register has a right to counsel in litigating a petition to be exempt from certain notifications after twenty-five years.  **See** 42 Pa.C.S. § 9799.59(a)(4).  We have not found a statute or rule providing for the appointment of counsel in the present circumstances.

[6] While the word "frivolous" appears nowhere in the documents Attorney Hoke submitted, we deem her pronouncement that the appeal as a whole is unwarranted as sufficiently analogous.  **See** Petition to Withdraw, 12/20/24,
*(Footnote Continued Next Page)*

Attorney Hoke further sent the brief and petition to withdraw to Appellant along with a letter advising him of his immediate right to represent himself or hire private counsel. Appellant has not availed himself of that opportunity.

As such, we find counsel's filings sufficient to proceed with our independent review. The issues Attorney Hoke identified are these:

> 1.     Whether the trial court erred and/or abused its discretion in finding that [Appellant] is correctly required to register as a sex offender for his lifetime pursuant to Megan's Law III?
>
> 2.     Whether the trial court erred and/or abused its discretion in finding that Megan's Law/SORNA registration requirement is neither facially unconstitutional nor unconstitutional as applied to [Appellant] pursuant to **Muniz** and **Santana**?
>
> 3.     Whether the trial court erred and/or abused its discretion in finding that SORNA is not unconstitutional as applied to [Appellant] when the lifetime registration requirement well exceeds the sentence that [he] is serving?

**Anders** brief at 4 (cleaned up).

We consider these issues together. As noted above, while Appellant was initially advised that his rape conviction required him to register for life pursuant to Megan's Law III, our Supreme Court declared that statute to be

_____

at ¶ 7 (stating the determination that an appeal from the order in question "would be meritless"); Letter to Appellant, 12/20/24, at unnumbered 1 ("I do not believe there are any meritorious issues that warrant the filing of an appeal in your case."). **See also Smith v. Com., Pennsylvania Bd. of Prob. & Parole**, 574 A.2d 558, 562 (Pa. 1990) ("[T]he terms 'wholly frivolous' and 'without merit' are often used interchangeably in the **Anders** brief context. Whatever term is used to describe the conclusion an attorney must reach as to the appeal before requesting to withdraw and the court must reach before granting the request, what is required is a determination that the appeal lacks any basis in law or fact." (cleaned up)).

unconstitutional and our legislature replaced it with SORNA I. The High Court, finding SORNA I to be a punitive regime, held that it was unconstitutional as applied to offenders such as Appellant whose crimes predated it. *See Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). Our General Assembly then enacted SORNA II, including the SORNA I requirements in Subchapter H to apply to individuals who committed their offenses after SORNA I's enactment, and the distinct registration and notification requirements of Subchapter I to apply to persons like Appellant whose offenses predated SORNA I's 2012 effective date. *See Commonwealth v. Crenshaw*, 306 A.3d 383, 388 (Pa.Super. 2023) (discussing the genesis of Subchapter I).

SORNA II provides, *inter alia*, that individuals who were convicted of rape under 18 Pa.C.S. § 3121, based upon acts committed between April 22, 1996, and December 20, 2012, are subject to lifetime registration in accordance with Subchapter I's mandates. The lifetime period of registration mandated by the SORNA statutes is, even where punitive, "separate and apart from [the] term of incarceration" such that it does not result in an illegal sentence in excess of statutory maximum terms of incarceration allowed for the various crimes. *See Commonwealth v. Strafford*, 194 A.3d 168, 173 (Pa.Super. 2018).

Our Supreme Court has ruled that the registration and notification mandates of Subchapter I, which "effected significant changes from the original version of SORNA" deemed to be punitive in *Muniz*, do not constitute

criminal punishment and thus may be applied retroactively without violating the constitutional prohibition on *ex post facto* laws. **See Lacombe**, 234 A.3d at 626-27. Furthermore, the irrebuttable presumption of recidivism underlying the lifetime registration obligation is not unconstitutional. **See Commonwealth v. Ross**, 330 A.3d 1262, 1270 (Pa.Super. 2025) (discussing **Commonwealth v. Torsilieri**, 316 A.3d 77, 99-100 (Pa. 2024)).

Given this legal landscape, we conclude that challenges to the constitutionality of the application of Subchapter I's mandates to Appellant are wholly frivolous. **Accord Commonwealth v. Barger**, 325 A.3d 858, 864 (Pa.Super. 2024) (holding challenge to retroactive application of Subchapter I to person whose reporting and notification obligations originally arose under Megan's Law III was "clearly meritless").

Appellant's claim that the defunct Megan's Law I ten-year registration period should apply to him is also without basis in law or fact, as we have held that the Megan's Law provisions superseded by the SORNA enactments cannot serve as a basis for ordering sexual offender registration. **See Commonwealth v. Lippincott**, 273 A.3d 1157 (Pa.Super. 2022) (*en banc*) (ruling trial court erred in assessing registration obligations under Megan's Law II rather than Subchapter I).

Finally, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues concerning the

court's denial of Appellant's petition that counsel failed to address.[7] **See Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*).

Therefore, we affirm the trial court's denial of Appellant's petition for review of his sexual offender registration obligations and grant counsel's petition to withdraw.

Petition of Brandy Grace Hoke, Esquire, to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/18/2025

---

[7] In particular, we have reflected that, since Appellant acknowledged at the time of his negotiated guilty plea that his rape conviction implicated lifetime registration, we perceive no viable claim that he has contractual right to a different registration duty pursuant to **Commonwealth v. Hainesworth**, 82 A.3d 444 (Pa.Super. 2013), and its progeny.